IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALBERTO GUERRA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:23-cv-01221-BT |
| | § | |
| ROSS DRESS FOR LESS, INC., | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Ross Dress for Less, Inc.'s (Ross) Motion for Summary Judgment (ECF No. 19). For the reasons that follow, the Court GRANTS Ross's Motion in part and DENIES the Motion in part.

## **Background**

This removed civil action arises out of a slip-and-fall suffered by Plaintiff Alberto Guerra in one of Defendant Ross's Dallas stores. *See* Compl. (ECF No. 1-3). Guerra alleges that "as [he] was walking through the store, he slipped on a puddle located inside the store, causing him to slip and fall" and injured "his left arm and wrist, as well as his lower back." *Id.* at ¶ 6. Guerra sued Ross in Texas state court, bringing causes of action for negligence and premises liability. *Id.* at ¶ 9. Guerra alleges that "at the time of the incident, [he] was an invitee of Defendant," and that "Defendant, as the occupier and owner of the premises, with control over the premises, had a duty to inform [him] of the dangerous

1

condition and make safe the defective condition existing on Defendant's premises." *Id.* at ¶ 7–8.

In his deposition, Guerra testified that—soon after he entered the store—he slipped in a "little puddle of water that [he] couldn't see because the tiles are white," and that "[he] didn't even get to react, [he] was just already in the splits" when he fell. Pl.'s App'x 40:4–5; 41:9–11. He also testifies that he did not see any other Ross employees around the men's clothing section—the area where he fell—while he was shopping. *Id.* at 48:10–12. After his fall, Guerra walked "straight to the front desk" and "said, hey, I just slipped and – on a puddle back there." *Id.* at 45:19; 49:9–10. According to Guerra, the employee responded "oh, we – we kind of knew about it, we just haven't gotten to it." *Id.* at 49:10–11. Guerra also noticed a water bottle in the near vicinity soon after he slipped. *Id.* at 46:23–25.

Ross removed this case from the 162nd Judicial District Court of Dallas County, Texas to federal court on May 26, 2023. *See* Not. Removal (ECF No. 1). After engaging in discovery, including taking Guerra's deposition, Ross filed its Motion for Summary Judgment (ECF No. 19) with a Brief (ECF No. 20) and Appendix in Support (ECF No. 21). Guerra filed a Response in Opposition (ECF No. 23), Brief (ECF No. 24), and Appendix in Support (ECF No. 25). Ross did not file a Reply within the allotted time. The parties have thus had a fair opportunity to brief the summary judgment issues and present evidence in support of their arguments.

## Legal Standard

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (citation omitted). The movant's burden can be satisfied by demonstrating that there is an absence of evidence to support the nonmoving party's case, which the nonmovant bears the burden of proving at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the nonmovant must show that summary judgment is not proper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992) (citation omitted). The parties may satisfy their respective burdens "by tendering depositions, affidavits, and other competent evidence." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) (first citing *Int'l Shortstop, Inc. v. Rally's*, 939 F.2d 1257, 1263 (5th Cir. 1991); and then citing Fed. R. Civ. P. 56(e)).

The party opposing the summary judgment motion must identify specific evidence in the record and state the precise manner in which that evidence supports the party's claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1988). Further, a nonmoving party opposing summary judgment who bears the burden of proof at trial "must produce evidence to establish the existence of each element for which he bears the burden of proof." *Andrews v. CompUSA, Inc.*, 2002 WL 265089, *2 (N.D. Tex. Feb. 21, 2002). "Rule 56 does

not impose a duty on the court to 'sift through the record in search of evidence' to support the nonmovant's opposition to the motion for summary judgment." *Id.* (first citing *Ragas*, 136 F.3d at 458; and then citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993) (citing *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986)).

## Analysis

Ross's Motion for Summary Judgment is granted and part and denied in part. First, Guerra concedes that summary judgment is warranted on his negligence claim. But there is a genuine dispute of material fact as to the knowledge element of Guerra's premises liability claim, precluding summary judgment. Finally, the Court concludes that the allegedly dangerous condition was not open and obvious as a matter of law, and Ross therefore is not released from a duty to warn Guerra.

Ross moves for summary judgment on two grounds: first, that Guerra's negligence claim fails as a matter of law, and second, that Guerra's premises liability claim fails because he cannot establish a key element of his claim. *See* MSJ Br. 3–8. Specifically, Ross argues that Guerra's negligence claim is subsumed by his premises liability claim because his allegations of negligence are based on a condition existing on the premises rather than a negligent activity on the premises. *Id.* at 4. Ross also contends that it cannot be liable in premises

4

liability because the evidence in the record does not create a genuine dispute of material fact as to Ross's knowledge, whether actual or constructive, of the water puddle on the premises. *Id.* at 5–7. Finally, in the alternative, Ross argues that Guerra's premises liability claim fails because the condition was open and obvious, and therefore Ross had no duty to warn Guerra. *Id.* at 8–9.

1. *Guerra has abandoned his negligence claim.*

As an initial matter, Guerra concedes that summary judgment should be granted on his negligence claim. Pl.'s Br. 1 ("As to negligent activity, the Plaintiff concedes this point and agrees summary judgment should be granted"). The Court will therefore deem Guerra to have abandoned his negligence claim, and GRANTS Ross's Motion for Summary Judgment as to that claim. *See Coleman v. C R England, Inc.*, 2009 WL 812077, at *2 (N.D. Tex. Mar. 27, 2009).

2. *There is a genuine dispute of material fact as to Ross's knowledge of the allegedly hazardous condition.*

Guerra maintains the validity of his premises liability claim. In response to Ross's Motion, Guerra posits that "the evidence in the record supports that [Ross] had actual knowledge of the spill and any argument as to whether that evidence is sufficient or not amounts to a dispute regarding the credibility of [Guerra's] testimony." Pl.'s Resp. 3. In his deposition, Guerra testified as follows about what happened after he slipped:

> Q: So, once you got in line to talk to one of the employees, what did you tell them?

5

> A: I just said, hey, I just slipped and – on a puddle back there. And they're like, oh, we – we kind of knew about it, we just haven't gotten to it. And I was like, okay, well – that's whenever I was like, I got my – my kids and I was like – we just left, you know.
>
> Q: Okay. So one of the females told you that they knew about the puddle but they hadn't gotten to it?
>
> A: Yes, ma'am.

Pl.'s App'x 49:7–16.

Ross argues that it is entitled to summary judgment because there can be no genuine dispute that Ross did not have actual or constructive knowledge of the puddle. According to Ross, Guerra's testimony about his conversation with the store employees is too vague to be considered evidence of actual knowledge. MSJ Br. 5–6. "Even if these statements were made," Ross argues, "it seems highly unlikely that they pertained to the condition of which Plaintiff complains," and "the reality is no one knows what was meant by their alleged statements." *Id.* at 6. Ross also cites testimony from the manager on duty and the store manager that explain Ross's policy for cleaning up spills, which is for an employee to remain by the spill after it is discovered until it gets cleaned up, to argue that the employee's statement was most likely not referring to the puddle in which Guerra slipped. *Id.*; Def.'s App'x 13:12–16; 33:5–18.

Texas law applies to removed lawsuits—like this one—asserting "ordinary negligence, gross negligence, and premises liability claims." *Austin v. Kroger Tex., LP*, 746 F.3d 191, 195–96 (5th Cir. 2014) (per curiam). To succeed on a premises liability claim under Texas law, a plaintiff must show: (1) actual or

6

constructive knowledge of some condition on the premises by the owner/operator; (2) that the condition posed an unreasonable risk of harm; (3) that the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) that the owner/operator's failure to use such care proximately caused the plaintiff's injuries. *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). The first element, actual or constructive knowledge of the condition, is the only element at issue here. *See* MSJ Br. 1–2. In the premises liability context, actual knowledge is knowledge of a dangerous condition at the time of the incident, not merely knowledge of a possibility that a dangerous condition will develop over time. *Hill v. PetSmart, Inc.*, 2022 WL 980269, at *7 (S.D. Tex. Mar. 30, 2022).

    Here, Guerra has carried his summary judgment burden to "identify specific evidence in the record and state the precise manner in which that evidence supports [his] claim." *Esquivel v. McCarthy*, 2016 WL 6093327, at *2 (N.D. Tex. Oct. 18, 2016). Guerra has pointed to testimony from his deposition in which he recounted a conversation with a store employee who, when told that Guerra had slipped in a puddle of water, said that she "kind of knew about it, we just haven't gotten to it." Pl.'s App'x 49:7–16. This evidence is enough to create a fact dispute as to whether Ross had actual knowledge of the condition at the time Guerra slipped—more than showing that Ross knew that a dangerous condition *might* be on the floor, the statement could support a finding that Ross was aware of the spill and had not cleaned it up. *See Hill*, 2022 WL 980269, at *7

7

(concluding that a statement from a manager that "we did not have time to clean this up" could reasonably be interpreted as actual knowledge of a spill). In any event, it is not for the Court to weigh the evidence. There is room for genuine dispute as to whether the evidence in the record shows that Ross knew about the spill when Guerra slipped.

   3. *The danger posed by the alleged water puddle was not open and obvious.*

Finally, Ross argues that Guerra cannot succeed on a premises liability claim because the allegedly hazardous condition was open and obvious, releasing Ross from a duty to warn invitees of the danger. MSJ Br. 8–9. Ross points out that "after the incident, [Guerra] noticed a water bottle in the very near vicinity," and contends that "a reasonably prudent person would have known (or appreciated) under similar circumstances that an isolated water bottle on the floor in a clothing store constituted a basis for a potential condition." MSJ Br. 9. Guerra responds that he "testified that he did not see the substance prior to slipping, that the puddle was small and the floor tiles were white, and that he couldn't really see [the puddle] before but he would have avoided the area if he had." Pl.'s Resp. 6. In any case, Plaintiff retorts, he "did not see the water bottle until after he fell, and even if he had the water bottle itself is not the dangerous condition." *Id.*

"Whether a danger is open and obvious is a question of law determined under an objective test." *Los Compadres Pescadores, LLC v. Valdez*, 622 S.W.3d 771, 788 (Tex. 2021). The question is not what the plaintiff subjectively or actually

8

knew, but what a reasonably prudent person would have known under similar circumstances. *Id.* To properly apply the objective test, the court must consider the totality of the particular circumstances the plaintiff faced. *Id.* at 789. When a danger is open and obvious, the owner of the premises has no duty to warn the invitee. *Id.* at 788.

Here, the water puddle was not an open and obvious danger. Guerra has testified that the puddle was small and blended in with the white tile floor, that he did not see it before he slipped, and that he would have walked around it if he had. Pl.'s App'x 41:9–11, 22; 42:9–10. Even if the water bottle could have alerted a reasonably prudent person that there may be a puddle on the floor, Guerra did not see it before he slipped either. *Id.* at 46:23–25. And courts have held that a reasonably prudent person would not expect water to accumulate on the floor of a big box store, even when there are context clues such as rain outside. *See Sanders v. Wal-Mart Stores Tex., LLC*, 2024 WL 218629, at *3 (S.D. Tex. Jan. 19, 2024); *see also Rosas v. Buddies Food Store*, 518 S.W.2d 534, 537–38 (Tex. 1975). Based on Guerra's testimony, the Court concludes that the puddle of water was not open and obvious as a matter of law. *Mosley v. Kroger Tex., LP*, 2021 WL 857059, *3 (N.D. Tex. Mar. 8, 2021) (Lynn, J.) (holding that a white puddle did not contrast with the floor and was therefore not open and obvious).

Viewing the evidence in the light most favorable to Guerra as the nonmovant, the Court concludes that Guerra provides more than "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence" to support

9

his opposition to summary judgment. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Therefore, the Court DENIES Ross's Motion for Summary Judgment on Guerra's premises liability claim.

## Conclusion

The Court GRANTS Ross's Motion for Summary Judgment as to Guerra's negligence claim. The Court DENIES Ross's Motion for Summary Judgment as to Guerra's premises liability claim because there is a genuine dispute of material fact as to Ross's knowledge of the alleged hazard.

**SO ORDERED.**

June 17, 2024

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE